JONES, Justice
(concurring specially).
I concur in the order of the Court to quash the writ. I write specially to point out what I believe is a faulty rationale that has persisted in the cases throughout the country relating to the “arising out of” statutory requisite for compensation recovery.
The rationale to which I speak is couched in terms similar to that employed in City of Tuscaloosa v. Howard, 55 Ala.App. 701, 705, 318 So.2d 729, 732 (1975):
“If ... an employee is exposed to a danger or risk materially in excess of that to which people not so employed are exposed, ...”
This comparison of the risk of the work place with risk in general adds nothing in aid of the application of the “arising out of” or causation statutory requisite for recovery.
In the context of the no fault concept, it matters not that the accident and its resultant injury are brought about because the risk incident to the claimant’s work is greater or less than the risk to which people not so employed are exposed. For example, an employee in an air conditioned office may elect to work through his lunch break rather than go to lunch outside the building and expose himself to the 98° temperature of the downtown street. Then, while walking on a smooth, level, carpeted floor on his way to the water fountain, he trips over his own feet, falls and breaks his leg. During this noon hour, literally scores of shopping pedestrians are rushed off the city streets to the emergency room of the hospital suffering severe heat strokes. In seeking the answer to the “arising out of” inquiry, it is less than helpful to compare the risk of employment incident to the broken leg with the street risk that sent dozens of pedestrians to the hospital.
Yet, while the employment risk/street risk dichotomy is misplaced, the causal relation inquiry still exists. To be compensable, the injury must be caused by an accident arising out of and in the course of the employment. “Arising out of” means the accident must be causally related to the employment. An employee who clumsily trips over his own feet and breaks his leg is entitled to the statutory rate of compensation according to the extent of his disability; but an employee who suffers an unexplained fall on a level surface has failed to meet the burden of showing the causal relation between his fall and his employment.